### Dick Marsden v. The State.

#### No. 3669.   Decided May 13, 1908.

**Aggravated Assault—Necessary Force—Self-Defense—Charge of Court.**

Upon trial for aggravated assault where the issue was self-defense, it was error to instruct the jury that the defendant could not use greater force than was necessary to prevent an assault of his assailant; but defendant had a right to act upon the reasonable appearance of danger from his standpoint, even if he used more force than it subsequently developed was necessary.

Appeal from the County Court of McCulloch.   Tried below before the Hon. C. A. Wright.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, and *Jno. E. Brown,* for the State.

BROOKS, Judge.—Appellant was convicted of an aggravated assault and his punishment assessed at a fine of $50.

The fourth paragraph of appellant's motion for a new trial complains of the following charge: "If you believe from the evidence that the defendant in inflicting the injury upon the said Henry Miller, as charged in the information, acted in his own necessary self-defense against an assault made by said Henry Miller upon him or to prevent such an assault and that he did not use greater force than was necessary to prevent such an assault, then you will find the defendant not guilty." Appellant complains that the charge is not the law, does not fully and correctly charge the law of self-defense, and said charge is erroneous in that the court assumed as a fact proven that the said Henry Miller was injured by defendant and in substance charges the jury to that effect, and is therefore a charge upon the weight of the evidence and was calculated to and did prejudice the minds of the jury against defendant in the trial of this case and misled the jury as to the true law of the case. This charge is not correct.   It is upon the weight of the evidence, and appellant had a right to act upon the reasonable appearance of danger, and the court should have properly told the jury that if the defendant believed that he was in personal danger, or in danger of serious bodily injury, and assaulted Miller, so believing, viewing the facts from the defendant's standpoint, or if the jury have a reasonable doubt of said facts, then they should find him not guilty.   Where personal violence is offered

to a defendant, he does not have to resort to all necessary means to protect his life, nor would he be guilty if he used more force than it subsequently developed was necessary.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*